STATE OF DELAWARE, upon the relation of "THE MAYOR AND COUNCIL OF WILMINGTON" and HORACE WILSON, MAYOR of said corporation, *vs.* EUGENE M. SAYERS, Assessor and Collector of Taxes for the Southern District of the City of Wilmington.

*Mandamus—Mayor and Council of Wilmington—Assessor and Collector of Taxes—Bond—Freehold Security—Corporate Security—City Charter—City Ordinance.*

1. The City Council cannot repeal a provision of the City Charter by an ordinance.

2. The city ordinance providing that the Assessor and Collector of Taxes might give bond with corporate security, does not relieve said officer from giving freehold security, as required by the City Charter.

3. The said officer will not be compelled, in a mandamus proceeding, to give bond in accordance with the provision of said ordinance.

(*December* 12, 1907.)

LORE, C. J., and SPRUANCE, J., sitting.

*Sylvester D. Townsend, Jr.,* City Solicitor, for relators.

*Robert G. Harman* for the respondent.

Superior Court, New Castle County, November Term, 1907.

RULE to show cause why a writ of peremptory mandamus should not issue (being No. 110, November Term, 1907) directed to Eugene M. Sayers, Assessor and Collector of Taxes, for the Southern District of the City of Wilmington, commanding him that he do give bond to "The Mayor and Council of Wilmington" with a satisfactory *surety company*, in accordance with the provisions of a city ordinance passed by City Council August 22, 1907, although *Section* 97 *of the City Charter* provided for the giving of *freehold* security by such officer, which security had been given.

Motion to quash rule and dismiss petition, for the following reasons:

1. Because said ordinance is in conflict with *Section* 97 *of the City Charter*.

2. Because said ordinance is not within the corporate powers of "The Mayor and Council of Wilmington."

3. Because the initiative and referendum statute under and by virtue of which said ordinance was passed, is unconstitutional for the reason that it delegates, or attempts to delegate, legislative powers.

After hearing argument, the Court rendered the following decision:

LORE, C. J.:—We think that the City Council cannot repeal a provision of the City Charter by an ordinance.

We discharge the rule and dismiss the petition.